UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DALISA L HUNT                                CIVIL ACTION NO. 17-cv-0429

VERSUS                                       JUDGE ELIZABETH E. FOOTE

EMPLOYEE ET AL                               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Dalisa Hunt ("Plaintiff") filed this civil action in federal court based on an assertion of diversity jurisdiction. The second amended complaint (Doc.17) established that Plaintiff is a citizen of Louisiana, Defendant Letraviata Gregory is a citizen of Tennessee, Swift Transportation is a citizen of Arizona, and Mohave Transportation is a citizen of Arizona.

Before the court is a Motion for Leave to Intervene (Doc. 59) by Family Dollar Stores of Louisiana, Inc. Family Dollar alleges that it is entitled to intervene and seek reimbursement of workers' compensation benefits that it has paid in connection with Plaintiff's injuries.

A complaint in intervention that seeks to assert a workers' compensation subrogation claim requires diversity between the intervenor (who is aligned as a plaintiff) and the defendants. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005). Accordingly, it is important to know Family Dollar's citizenship before deciding whether it should be allowed to intervene. If Family Dollar shares citizenship with any of the defendants (Arizona and Tennessee), it could destroy jurisdiction and require dismissal for lack of subject matter jurisdiction.

Family Dollar's proposed complaint in intervention states that it is authorized to do business in Louisiana, but it does not appear to allege its citizenship in accordance with applicable law. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The court cannot determine from Family Dollar's current motion whether granting leave for it to intervene would destroy subject matter jurisdiction. Accordingly, Family Dollar's **Motion for Leave to Intervene (Doc. 59)** is **denied without prejudice**. Liberty will be allowed until **April 27, 2020** to submit a new motion that sets forth appropriate facts regarding its citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of April, 2020.

Mark L. Hornsby
U.S. Magistrate Judge